## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Faustino Xavier Betancourt Colón** | Civil No.: |
| **Plaintiff** | Injunctive Relief |
| v. | |
| **B.V. Properties, Inc. d/b/a Plaza Cidra Shopping Center; Me Salvé, Inc; Supermercados Máximo, Inc.; Grand Stores Corporation; Wendco of Puerto Rico, Inc.; John Does 1-100** | |
| **Defendants** | |

### NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

**COMES NOW** codefendant **ME SALVÉ, INC.** and, pursuant to 28 U.S.C.A. §§§ 1331, 1441, and 1446(b)(3), files this *Notice of Removal* on the following grounds:

### I. Brief Procedural Background

1. On May 3, 2021, Faustino Betancourt Colón filed complaint number CG2021CV01042 with the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Caguas, against Me Salve, Inc.; B.V. Properties, Inc.; Supermercados Maximo, Inc.; Grand Stores Corporation; Wendco of Puerto Rico, Inc.; and John Does 1-100, requesting relief under Title III of the Americans With Disabilities Act, 42 U.S.C.A. § 12101, *et seq.*, and §504 of the Rehabilitation Act, 29 U.S.C.A. § 701, *et seq*. A true and exact copy of Plaintiff's complaint is attached as Exhibit 1.

2. On May, 19 2021, Me Salvé was served with summons and a copy of the Complaint. True and exact copy of the summons is attached as Exhibit 2.

5. Today, July 18, 2021, Me Salvé timely filed the instant notice of removal. See Docket # 1.

## II. Legal Basis for Removal Jurisdiction

6. Pursuant to 28 U.S.C.A. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United Stated for the district and division embracing the place where such action is pending."

7. Federal Courts have federal question subject-matter jurisdiction over cases arising under the Constitution or laws of the United States. 28 U.S.C.A. § 1331. See also *Fort v. ABZCO, LLC*, 2020 U.S. Dist. Lexis 112728, at * 6 (D.PR, 2020); *Cadillac Unif. & Linen Supply, Inc. v. Cent. Gen. de Trabajadores,* 2020 U.S. Dist. Lexis 135170, at * 3 (D.PR, 2020).

8. To determine whether federal question subject-matter jurisdiction exists, Courts assess the complaint's well-pleaded allegations. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003); *Fort,* 2020 U.S.Dist.Lexis at * 6.

8. To that end, a federally-created right must appear on the face of the complaint. *Brough v. United Steelworkers of America*, 437 F.2d 748, 749 (1st Cir. 1971); *Fort,* 2020 U.S.Dist.Lexis at * 6.

9. Courts consider the state court complaint's contents as they existed at the time of removal. *Lawless v. Steward Health Care Sys., LLC,* 894 F.3d 9, 17 (1st Cir. 2018).

10. Claims filed under the Americans Disabilities Act confer federal question subject-matter jurisdiction. *United States v. Nobel Learning Communities*, 329 F.R.D. 524, 527 (D.NJ, 2018); *Ridola v. Chao*, 2018 U.S.Dist.Lexis 84241, at * 13 (N.D. Cal. 2018).

11. To be timely, the notice of removal must be filed within thirty (30) days of removing defendant's service of process. 28 U.S.C. § 1446(b).

12. Here, Betancourt filed his Complaint with the Local Court (Exhibit 1).

13. The Complaint's well-pleaded allegations reveal that the asserted claims are predicated upon the Americans With Disabilities Act's and Rehabilitation Act's provisions.

14. Its jurisdictional statement establishes the basis for removal, as this Court has original jurisdiction over the asserted claims arising from the ADA—which is a law of the United States:

> 9. Should this civil proceeding be removed to the United States District Court, subject-matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343 (a)(3) and (a)(4) for ADA violations. (Translation ours).

14. This *Notice of Appeal* is timely because it was filed within thirty (30) days of Me Salvé having been served with process.

**WHEREFORE**, **ME SALVE, INC.** respectfully gives notice of the removal of this action, so the proceedings may continue in this Court.

**I HEREBY CERTIFY**: that a true and exact copy of the instant *Notice of Removal*, along with its Exhibits, was sent on this same date to Faustino Betancourt Colón's Local Court's counsel of record via certified mail return receipt requested Mr. Juan Carlos Vélez Colón, Vélez Law Group, LLC, 421 Ave. Muñoz Rivera # 205, San Juan, P.R. 00918. A

true and exact copy was also served today to Plaintiff's Local Court counsel via his E-Mail addresses of record: jvelez@velezlawgroup.

In Guaynabo, Puerto Rico, this 18th day of June, 2021.

**CORREA ACEVEDO & ABESADA LAW OFFICE, P.S.C.**
Counsel for Me Salvé, Inc.
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R.  00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/Yesenia Medina Torres
YESENIA MEDINA TORRES
USDC-PR No. 302808
E-Mail: ymedina@calopsc.com