IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN, <br><br> **Plaintiff,** <br><br> v. <br><br> **B.V. PROPERTIES, INC., ET.AL.,** <br><br> **Defendants.** | **CIVIL NO. 21-1293 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is plaintiff's "Motion to Remand to State Court" (Docket No. 12). The motion must be granted because, as explained below, not all defendants consented to the removal within the time frame set in the removal statute. For context, on May 3, 2021, plaintiff sued defendants B.V. Properties d/b/a/ Plaza Cidra Shopping Center; Me Salvé, Inc.; Supermercados Máximo, Inc.; Grand Stores Corporation; Wendco of Puerto Rico, Inc.; and John Does 1-100 in the Caguas Part of the Puerto Rico Court of First Instance under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et. seq.* ("ADA") (Docket No. 1-3).[1] On June 18, 2021, Me Salvé removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b)(3) (Docket No. 1).

On June 29, 2021, plaintiff asked the court to remand the case based on Me Salvé's failure to show that it had obtained the unanimous consent of all defendants prior to seeking removal within the 30-day timeframe set in 28 U.S.C. § 1446(b)(2)(A) (Docket No. 12). Additionally, he

---

[1] State Case Civil No. CG 2021-CV-01042.

Betancourt-Colón v. B.V. Properties, Inc., et.al.
Civil No. 21-1293 (PAD)
Memorandum and Order
Page 2

sought costs and attorney's fees in accordance with 28 U.S.C. § 1447(c). Id. On June 30, 2021, co-defendant Wendco of Puerto Rico, Inc. expressed that it did not consent to the removal and joined in plaintiff's request to remand (Docket No. 14).[2] On July 13, 2021, 2021, Me Salvé acknowledged that remand to state court is appropriate due to Wendco's refusal to consent (Docket No. 23). That being so, the case must be remanded to state court. See, Sansone v. Morton Mach. Works, Inc., 188 F.Supp.2d 182, 184-186 (D.R.I. 2002)(in a multi-defendant case, all defendants must consent to removal within the 30-day period prescribed by 28 U.S.C. § 1446(b)).

As to costs and attorney's fees, plaintiff states that because Me Salvé removed the case without just cause, fees and costs must be imposed in line with 28 U.S.C. § 1447(c) (Docket No. 12). Me Salvé opposes the request as unwarranted (Docket No. 23). In the main, it argues there was an objectively reasonable basis for the removal, i.e. the ADA is a federal statute; that absent unusual circumstances, the imposition of attorney's fees is unjustified; when it sought to remove the case, Supermax and Grand Stores, both of whom consented to removal, were the only codefendants who had appeared in the state case; and given that plaintiff had not uploaded any served summons to the state court Docket, it believed there were only two served codefendants. Id.

Section 1447(c) provides, in part, that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See, 28 U.S.C. § 1447(c). An award of attorney's fees is proper when removal is wrong as a matter of law, even when defendant's reasoning for removal

---

[2] The remaining codefendants consented to the removal (Docket Nos. 15, 18, 22).

is "fairly supportable." Ford Motor Credit Co. of Puerto Rico v. Caribe Ford Inc., 247 F.Supp.2d 118, 120 (D.P.R. 2003). Imposing attorney's fees under this statute is within the court's discretion. See, Publix Supermarkets, Inc. v. United Food & Com. Workers Int'l Union AFL-CIO & CLC, 900 F.Supp. 419, 421 (M.D. Fla. 1995)(so recognizing).

Here, Me Salvé's basis for removal was predicated on the ADA, a federal statute that confers subject matter jurisdiction to this court, but failed because not all defendants consented to the removal. The procedural stage in which removal was sought and the circumstances described in Me Salvé's response persuade the court to deny the request for fees. Thus, plaintiff's request to remand the case to the Caguas Part of the Court of First Instance for further proceedings is GRANTED but its petition for attorney's fees is DENIED. Judgment shall be entered accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, this 19th day of July, 2021.

                                                    s/Pedro A. Delgado-Hernández
                                                   PEDRO A. DELGADO-HERNÁNDEZ
                                                   United States District Judge